IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. PACKER,

    Petitioner,                   No. CIV S-09-2026 JAM GGH P

    vs.

JOHN SALAZAR, et al.,

    Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the original petition filed July 22, 2009. Petitioner argues that his sentence violates Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), Blakely v. Washington, 542 U.S. 296 (2004) and Cunningham v. California, 549 U.S. 270 (2007).

        Pending before the court is respondent's February 17, 2010, motion to dismiss on grounds that this action is barred by the statute of limitations. For the following reasons, respondent's motion is granted.

/////

/////

/////

1

1    The statute of limitations for federal habeas corpus petitions is set forth in 28

2 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On February 15, 2005, petitioner was sentenced to ten years imprisonment following his plea of no contest to two counts of committing a lewd act upon a child. Respondent's Exhibits A, B.  Petitioner did not appeal his conviction.  Accordingly, his conviction became final 60 days later on April 16, 2005. Cal. Rules of Court 8.308(a); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006).  Petitioner had one year from April 16, 2005, to file a timely federal petition.  The instant action is not timely unless petitioner is entitled to statutory or equitable tolling.

Petitioner is not entitled to statutory tolling pursuant to 28 U.S.C. § 2254(d)(2) because he did not file his first state habeas petition until January 2, 2008, which was after the limitations period ran.  Respondent's Exhibit C; Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Petitioner makes no argument for equitable tolling.

In his opposition, petitioner suggests that he is entitled to equitable tolling because the grounds for his petition did not arise until Cunningham was decided in 2007.  Rather than an

1  argument for equitable tolling, this is an argument for a different statute of limitations trigger

2  date.  Accordingly, the court finds that the instant action, filed July 22, 2009, is not timely under

3  28 U.S.C. § 2244(d)(1)(A).

4          Petitioner suggests that a later trigger date for the statute of limitations runs from

5  the date Cunningham was decided pursuant to 28 U.S.C. § 2244(d)(1)(C).  In Butler v. Curry,

6  528 F.3d 624, 639 (9th Cir. 2008) the Ninth Circuit concluded that Cunningham did not

7  announce a new rule:

> Apprendi, Blakely and Booker made "courts throughout the land' aware that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the constitutional rights of defendants. [Citation omitted.] No principles of comity or federalism would be served by refusing to apply this rule to functionally indistinguishable state sentencing schemes on collateral review.  Cunningham thus did not announce a new rule of constitutional law and may be applied retroactively on collateral review.

12  Butler, 528 F.3d at 639.

13          In Butler, 528 F.3d at 634 n. 9, the Ninth Circuit identified the key question:

> Whether Butler asks us to apply to him a Supreme Court decision issued after his conviction became final, or to announce the very holding that the Supreme Court arrived at in a case decided after his conviction became final, we must determine whether the result he requests was "dictated" by precedent before his conviction was final.  See Caspari v. Bohlen, 510 U.S. 383, 395-96, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994)(determining whether the result that the petitioner was arguing for in his collateral review proceeding would require creation of a new rule in violation of Teague).  The pivotal question is thus the same either way: did Apprendi, Blakely or Booker compel the conclusion that California's DSL law violates the Sixth Amendment?

20          In Butler, the Ninth Circuit found that Cunningham was "clearly dictated by the

21  Supreme Court's Sixth Amendment case law, in particular Blakely ...".  528 F.3d at 628.

22  Pursuant to Butler, the statute of limitations for a Cunningham claim does not run from the date

23  on which Cunningham became final because the constitutional right was not "newly recognized"

24  by the Supreme Court.  28 U.S.C. § 2244(d)(1)(C).

25          Further, if the source of the newly-recognized right for 2244(d)(1)(C) purposes is

26  treated as being Blakely v. Washington, 542 U.S. 296 (2004), that case does not meet the second

1  2244(d)(1)(C) prong because it is not retroactive, see Schardt v. Payne, 414 F.3d 1025, 1038 (9th
2  Cir. 2005).  The Ninth Circuit has also held that United States v. Booker, 543 U.S. 220, 125 S.Ct.
3  738 (2005) is not retroactive.  United States v. Cruz, 423 U.S. 1119, 1121 (9th Cir. 2005).  For
4  these reasons, petitioner's application for a writ of habeas corpus is not timely under 28 U.S.C. §
5  2244(d)(1)(C).
6           Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000) was decided before
7  petitioner's conviction became final.  For that reason, petitioner cannot argue that the date
8  Apprendi was decided is the trigger date for the statute of limitations.
9           For the reasons discussed above, the undersigned finds that petitioner's
10 application for a writ of habeas corpus is barred by the statute of limitations.
11          Accordingly, IT IS HEREBY RECOMMENDED that respondent's February 17,
12 2010, motion to dismiss (no. 15 ) be granted.
13          These findings and recommendations are submitted to the United States District
14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
15 one days after being served with these findings and recommendations, any party may file written
16 objections with the court and serve a copy on all parties.  Such a document should be captioned
17 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
18 shall be served and filed within fourteen days after service of the objections.  The parties are
19 advised that failure to file objections within the specified time may waive the right to appeal the
20 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
21 DATED: April 21, 2010
22
23                                  /s/ Gregory G. Hollows
                                    _____
24                                  UNITED STATES MAGISTRATE JUDGE
25 pack2026.mtd
26